# IN THE COURT OF APPEALS OF IOWA

No. 18-1130
Filed September 12, 2018

**IN THE INTEREST OF N.M.,**
**Minor Child,**

**M.M., Father,**
        Appellant.
_____

Appeal from the Iowa District Court for Poweshiek County, Rose Anne Mefford, District Associate Judge.

A father appeals the termination of his parental rights.  **AFFIRMED.**

Denise M. Gonyea of McKelvie Law Office, Grinnell, for appellant father.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Diane G. Crookham-Johnson of Crookham-Johnson Law Office, PLLC, Oskaloosa, guardian ad litem for minor child.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

The father appeals the termination of his parental rights to his daughter, N.M.[1]  Following a hearing on May 10 and May 30, 2018, the juvenile court terminated his parental rights under Iowa Code section 232.116(1)(e) and (h) (2018).  He does not challenge whether the statutory grounds for termination have been met, so we need not consider the proof supporting either ground.  *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).  Rather, he maintains termination is not in the child's best interests, *see* Iowa Code § 232.116(2), and he asks for additional time for reunification, *see* Iowa Code § 232.104(2)(b).

N.M. was born in November 2017.  She and the mother tested positive for methamphetamine at birth, and N.M. was removed from the parents' care shortly thereafter.

On January 17, 2018, the father provided a negative drug-screen sample and underwent a substance-abuse evaluation, which recommended no treatment. He did not obtain a recommended mental-health evaluation.  Although the father progressed from supervised visits to semi-supervised visits with N.M., he took N.M. to see the mother in violation of the safety plan on his first semi-supervised visit. He missed a requested drug screen on May 8; he provided a drug screen sample on May 9—the day before the termination hearing began—which tested positive for methamphetamine.  He denied using methamphetamine and attributed the positive result to taking Adderall, though he does not have a prescription for Adderall.

---

[1] The mother's rights were also terminated.  She does not appeal.

On April 19, 2018, about three weeks before the termination hearing began, the father agreed to a new safety plan, which included recommendations for him to have no contact with the mother, live full-time with his parents, seek permanent full-time employment, and have daily contact with N.M. At the termination hearing, he acknowledged he did not follow through with all of the recommendations. He continued to have contact with the mother, including giving her a ride to the hearing. He did not live full-time with his parents, testifying, "I'm forty-five years old. I don't have to do that every night without my daughter." He continued to hold temporary employment. He missed daily contact with N.M. beginning the week after agreeing to the safety plan even though he lived close to the foster family and that family allowed him to visit any time convenient to him.

The father has shown a clear pattern of failing to follow the recommendations for reunification with N.M. He also recently admitted to illicit prescription drug use in addition to testing positive for methamphetamine. Based on this record, we cannot say termination is not in the child's best interests. *See id.* § 232.116(2). Further, we do not find an additional six months would eliminate the need for N.M.'s removal from the father's care. As the DHS worker testified, the father has "made no effort to engage in services to address the threats of maltreatment to this point." *See id.* § 232.104(2)(b) (providing for additional time if the need for removal will no longer exist).

We affirm without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (d), (e).

**AFFIRMED.**